UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

In re:

    DAVID L. GRAHAM,

        Respondent

                         Misc. No. 06-024

## ORDER TO SHOW CAUSE

     Pursuant to L.R. Gen. 210(b) David L. Graham is hereby ordered to appear at 12:00 noon on Friday, April 7 and to show cause why:

1.    Formal disciplinary proceedings should not be commenced against him with respect to the charges contained in the attached motion.

2.    Why he should not be suspended from practice as a member of the bar of this Court pending final resolution of these charges.

By Order

Deputy Clerk

ENTER:

Ernest C. Torres
Chief Judge

Date: 4|3 , 2006

FILED

MAR 2 8 2006

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) |
| DAVID L. GRAHAM, | ) |
|  | ) |
| Respondent | ) |
|  | ) |

MISC 06 - 024

### MOTION SEEKING AN INTERIM SUSPENSION AND AN ORDER TO SHOW CAUSE WHY FORMAL DISCIPLINARY PROCEEDINGS SHOULD NOT BE INITIATED AGAINST ATTORNEY DAVID L. GRAHAM

NOW COMES the United States Trustee, by and through her duly authorized Assistant, who respectfully moves for an Order directing the interim suspension of attorney David L. Graham and an Order directing that he show cause why formal disciplinary proceedings should not be initiated against him.

In support hereof, the U.S. Trustee has submitted the attached Memorandum of Law with exhibits.

PHOEBE MORSE
The United States Trustee

Date: March 28, 2006        By: _____

Leonard J. De Pasquale
Assistant United States Trustee
U.S. Department of Justice
Office of the U.S. Trustee
10 Dorrance Street, Suite 910
Providence, RI 02903
Tel:(401) 528-5551

FILED

MAR 2 8 2006

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

In re:                              )
                                    )
        DAVID L. GRAHAM,            )        MISC   06  - 024
                                    )
                    Respondent      )
                                    )

## CERTIFICATE OF SERVICE

I attest that I served a true copy of the attached Motion and Memorandum of Law on the below listed individuals via First Class U.S. Mail, postage pre-paid on this 28th day of March, 2006.


William J. Delaney, Esquire
Counsel for David L. Graham
Tillinghast Licht, LLP
Ten Weybosset Street
Providence, RI 02903

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED

MAR 2 8 2006

In re:                  )
                         )
     DAVID L. GRAHAM,             )
               Respondent     )
                         )

MISC 06 -024

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION SEEKING AN INTERIM SUSPENSION AND AN ORDER TO SHOW CAUSE
## WHY FORMAL DISCIPLINARY PROCEEDINGS SHOULD NOT BE INITIATED

### I.    INTRODUCTION

     The United States Trustee ("U.S. Trustee") has elected to raise issues and be heard in this matter pursuant to her standing under 11 U.S.C. §307 and 28 U.S.C. § 586.  Her motion is predicated upon facts which demonstrate that attorney David L. Graham has engaged in repeated misconduct while practicing before the U.S. Bankruptcy Court, and that his continued practice in the federal bar poses a significant risk to the public.

     As detailed herein, evidence exists to demonstrate that attorney Graham has been previously disciplined by the U.S. Bankruptcy Court, the Rhode Island Supreme Court and State Disciplinary Counsel.  The evidence also reveals that attorney Graham has breached a covenant to take corrective action regarding his law practice, and that he continues to engage in misconduct.  Accordingly, the U.S. Trustee has brought the attached motion seeking an interim order immediately suspending attorney Graham from federal practice and directing that he show cause why formal disciplinary proceedings against him should not be commenced.

### II.    EXECUTIVE SUMMARY

     In July of 2004, attorney David Graham, with the assistance of counsel, entered into a consent order with the U.S. Trustee wherein he accepted an admonition from the U.S. Bankruptcy Court for failing to meet his professional and ethical obligations to his clients and to the Court.  In

this consent order, which was approved by the Bankruptcy Court, attorney Graham made a covenant to resolve issues which were precluding him from fulfilling his ethical obligations. Attorney Graham also agreed to obtain eight hours of continuing legal education on legal ethics on or before January 21, 2005.

Notwithstanding his covenants to the contrary, approximately 3 months after entering into the aforesaid consent order, attorney Graham knowingly and willfully engaged in the sustained practice of law before the U.S. Bankruptcy Court after being administratively suspended by the Rhode Island Supreme Court. It is alleged that attorney Graham filed approximately 110 consumer bankruptcies and accepted legal fees of approximately $112,500 while administratively suspended from practice.

Notwithstanding his disregard of the Order directing his suspension, attorney Graham also committed malpractice in a number of cases that he brought before the U.S. Bankruptcy Court. It is alleged that he demonstrated a repeated lack of diligence and a failure to provide clients with minimally competent representation, as required of an attorney practicing before this Court. Consequently, the U.S. Trustee has brought this motion to redress attorney Graham's conduct, and preserve the integrity of the bankruptcy system.

## III.   JURISDICTION

**A.   *Original and Exclusive Jurisdiction*.** The United States District Court has original and exclusive jurisdiction of all cases and controversies arising under and in Title 11. 28 U.S.C. § 1334(a). This includes non-core omnibus disciplinary proceedings arising in the Bankruptcy Court. *In re Sheridan,* 362 F.3d 96 (1st Cir. 2004) (jurisdiction for omnibus disciplinary proceedings that

arise in the Bankruptcy Court and for which proposed discipline is outside an open case, lies with the District Court).

**B.**   *Conferred Disciplinary Jurisdiction*.  The Court has jurisdiction to hear disciplinary allegations against a member of the bar of this Court pursuant to U.S. District Court Local Rule 209(a) which provides:

> Any attorney admitted or permitted to practice before this Court pursuant to LR Gen 202 or 204 shall be deemed to have conferred disciplinary jurisdiction upon this Court for any alleged attorney misconduct arising during the course of a case pending before this Court in which that attorney has participated in any way.
> U.S. District Court Local Rule 209(a).

Based upon information and belief, attorney David Graham is a member of the Bar of the United States District Court for the District of Rhode Island, and a member of the Bar of the Rhode Island Supreme Court.

**C.**   *Inherent Authority*.  The power of the Court to punish attorneys as officers of the Court is a well-settled, long recognized principle.  In *Ex Parte Burr*, 22 U.S. (9 Wheat.) 529, 6 L.Ed. 152 (1824) and *Ex Parte Secombe*, 60 U.S. (19 How.) 9, 15 L.Ed. 565 (1856), the U.S. Supreme Court opined that "[t]his power has been recognized and enforced ever since the organization of courts, and the admission of attorneys to practice therein." *Citing*, *Ex Parte Bradley*, 74 U.S. (7 Wall.) 364, 19 L.Ed. 214 (1869) and *State v. Cannon*, 206 Wis. 374, 240 N.W. 441 (1932) (reviewing cases from the Middle Ages to the nineteenth century on inherent power of courts to disbar attorneys). "The court's control over a lawyer's professional life derives from his relation to the responsibilities of a court." *Theard v. U.S.*, 354 U.S. 278, 281, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342, 1344 (1957).  *See*

*also, Chambers v. NASCO, Inc.*, 501 U.S. 32, 42, 47, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (Article III courts have inherent authority to sanction bad faith or willful misconduct even in the absence of express statutory authority to do so).

Whereas the allegations contained herein have "arisen in" cases under Title 11, and whereas attorney Graham has assented to the disciplinary authority of this Court, and the Court has inherent authority to control the conduct of those attorneys who appear before it, jurisdiction exists for the adjudication of this controversy.

## IV.    STANDING - THE UNITED STATES TRUSTEE

Section 307 of the Bankruptcy Code provides that the "United States Trustee may raise and may be heard on any issue in any case or proceeding under [title 11] ...." 11 U.S.C. § 307.  Section 586 of Title 28 contains an additional grant of authority authorizing the United States Trustee to, *inter alia*, "supervise the administration of cases and trustees in cases under chapter 7, 11, 12, 13, or 15 of title 11 by, whenever the United States Trustee considers it to be appropriate- ...monitoring the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress." 28 U.S.C. § 528(3)(G).

When Congress granted the U.S. Trustee broad statutory standing under 11 U.S.C. §307 and 28 U.S.C. § 586 it intended to create an "'enforcer[] of the bankruptcy laws [who would bring] proceedings in the bankruptcy courts in particular cases in which particular action taken or proposed to be taken deviate[d] from the standards established by the ... bankruptcy code.'" *In re: A-1 Trash Pickup, Inc.*, 802 F.2d 774, 775 (4th Cir. 1996) *quoting*, H.Rep.No. 989, 95th Cong., 2d Sess. 88.

4

(brackets in original).   Hence, Congress expects the U.S. Trustee "to actively oversee the administration of bankruptcy cases and to intervene whenever particular actions threatened an abuse of the bankruptcy system or its procedures." *A-1 Trash Pickup, Inc.*, at 775-776.

Given that attorney Graham has and continues to routinely appear and practice before the U.S. Bankruptcy Court, and whereas his conduct impacts on the integrity and progress of cases arising under Title 11, the U.S. Trustee has standing to bring this action.

## V.   MISCONDUCT

U.S. District Court Local Rule 209(c) defines what is actionable misconduct in the federal bar.  It provides as follows:

> Misconduct for which an attorney may be disciplined pursuant to this Rule 209 may include:
> (a)    Violation of the Standards of Professional Conduct referred to in LR Gen 208;
> (b)    Intentional violation of these Local Rules or any order of this Court;
> (c)    Failure to promptly provide the notifications required by LR Gen 203(b)(1)(B) and/or (c);
> (d)    Conduct which resulted in suspension, disbarment or any other disciplinary action taken against the attorney by any other court or disciplinary body having disciplinary authority over attorneys; and/or
> (e)    Conviction of a crime.
> U.S. District Court Local Rule 209(c).

## VI.   DISCIPLINARY PROCEEDINGS

**A.    *Initiation of Proceedings*.**  Local Rule 210 provides this Court with three courses of action once it is informed of allegations of attorney misconduct.  In sum, the Court can refer the matter to the state disciplinary counsel with jurisdiction over the attorney and request that counsel report its actions to the Court.  Local Rule 210(b)(1).  Alternatively, the Court may designate a magistrate judge or appoint special counsel to investigate the matter and make appropriate

5

recommendations, and/or perform other duties specified by the Court. Local Rule 210(b)(2). Lastly, the Court may provide written notice to the attorney specifying the alleged misconduct and afford he or she an opportunity to respond why they believe that formal disciplinary proceedings should not be commenced. Local Rule 210(b)(3).

**B.**    ***Commencement of Formal Proceedings***. If the Court determines that formal disciplinary proceedings are appropriate, it may issue an order directing the attorney to show cause why disciplinary action should not be taken against him or her for the reasons stated therein. Local Rule 201(c)(1).

If the Court finds that an attorney has engaged in misconduct, it may disbar or suspend the attorney from practicing before the Court, publicly or privately reprimand the attorney, or take such other action as the Court deems appropriate, including the imposition of monetary sanctions. Local Rule 209(b).

## VII.    ALLEGATIONS

**A.**    ***Misconduct and Unauthorized Practice of Law***. During 2004 through the present time, attorney Graham was actively engaged in the practice of law before the U.S. Bankruptcy Court for the District of Rhode Island. On July 21, 2004, attorney Graham executed a Consent Order with the U.S. Trustee which was intended to cure systemic and non-systemic issues that were preventing attorney Graham from fulfilling his professional and ethical obligations. *See*, Consent Order, *In re: Defusco*, Case Number 03-12872. *See*, Exhibit 1, attached.

The underlying facts in *Defusco* suggested that attorney Graham may have made false

6

representations to the U.S. Bankruptcy Court, and that he may have executed less than due diligence in his representation of a chapter 13 debtor. In order to resolve these allegations, and a Motion seeking an order to show cause which the U.S. Trustee brought against him, attorney Graham made an express covenant to resolve the issues that were hindering his ability to fulfill his professional and ethical obligations to his clients and the Court. Mr. Graham also accepted an admonition from the Court and agreed to obtain eight (8) hours of continuing legal education on legal ethics on or before January 21, 2005. The consent order containing these covenants was approved by the U.S. Bankruptcy Court on July 26, 2004.

Approximately three months later on or about October 18, 2004, attorney Graham was administratively suspended from the practice of law by the Rhode Island Supreme Court for failing to pay his registration fee, which with late charges totaled $300. Notification of that proposed action was sent to Mr. Graham via certified mail and the return receipt was endorsed on September 20, 2004, by a J.Kosatec. *See*, Exhibit 2, attached.

Notwithstanding his suspension from practice, Mr. Graham continued to represent approximately 110 consumer clients before the U.S. Bankruptcy Court, in violation of *then* U.S. District Court Local Rule 4(a) and 5(b) (Requirement that practicing counsel be admitted to the Bar of the U.S. District Court). *See*, Exhibit 3, List of Cases. Fee disclosures filed in these cases by attorney Graham indicated that he received approximately $112,500 from these cases. Attorney Graham was reinstated by the Rhode Island Supreme Court on or about October 14, 2005, and is the subject of a monitoring order. *See*, Exhibit 4, Reinstatement Order.

7

Attorney Graham's knowing and voluntary practice before this court while he was administratively suspended violated Rule of Professional Conduct 5.5(a) -Unauthorized Practice of Law, and Rule 8.4(a) -Misconduct.

**B.**      *Malfeasance and Lack of Diligence, In re: Patricia DeAngelis*.  On or about February 4, 2004, attorney Graham undertook representation of Ms. Patricia L. DeAngelis, a consumer debtor who was seeking bankruptcy counseling.  Ms. DeAngelis attests that she paid attorney Graham $100 and he prepared a Chapter 7 bankruptcy petition for her.  The case was not immediately filed however, because Ms. DeAngelis was reportedly unable to pay the remaining legal and filing fee of $900.

Ms. DeAngelis subsequently obtained approximately $17,000 from the refinance of her husband's home, and used said moneys to repay her mother for debts her mother previously paid on her behalf.  Notwithstanding these transactions, Ms. DeAngelis still owed approximately $6,700 in credit card debt to various lenders.

On or about January 5, 2005, during a time when he was administratively suspended from practice, attorney Graham met again with Ms. DeAngelis to finalize her chapter 7 bankruptcy.  At that meeting, attorney Graham provided Ms. DeAngelis with a schedule of her unsecured creditors to review.  Ms. DeAngelis then reportedly advised attorney Graham that her mother had paid off her car loan and certain credit cards totaling approximately $17,000 and, moreover, that she had just repaid her mother with the moneys she received from her husband's refinance of his house.  Attorney Graham then reportedly amended the schedules of creditors to delete the debts that were paid.

Notwithstanding the preference payment made by Ms. DeAngelis to her mother, attorney

Graham nonetheless commenced a chapter 7 bankruptcy on Ms. DeAngelis' behalf. At no time, however, did attorney Graham advise Ms. DeAngelis that the moneys paid to her mother would be subject to turnover to a chapter 7 trustee as a preference payment, made in contravention of 11 U.S.C. § 547. Attorney Graham charged Ms. DeAngelis an additional $900 in legal fees for his representation of her in the chapter 7.

On or about February 8, 2005, the chapter 7 trustee subsequently discovered the preference payment while questioning Ms. DeAngelis at her meeting of creditors. The chapter 7 trustee adjourned the meeting and asked that documents regarding the transfer be turned over to him. Thereafter, Ms. DeAngelis reportedly provided cancelled checks regarding the preference payment to attorney Graham on or about February 28, 2005. Ms. DeAngelis attests that she gave the documents to Ms. Ann-Marie Ignasher, an associate of attorney Graham.

Notwithstanding his possession of the cancelled checks, attorney Graham did not provide them to the Chapter 7 Trustee for over two months. Thereafter, on May 10, 2005 the Trustee filed an action against Ms. DeAngelis seeking to deny her a discharge for failing to provide information regarding the financial transaction with her mother. *See*, Exhibit 5, attached. In his complaint against Ms. DeAngelis, the Chapter 7 trustee averred that he sent two requests in writing to attorney Graham for the documents prior to filing his complaint in May of 2005.

Attorney Graham's conduct in the handling of Ms. DeAngelis' bankruptcy fell below the minimally acceptable standards for competence and diligence. His conduct violated the following Rules of Professional Conduct:

1.1     Competence - Failing to advise Ms. DeAngelis about a preference he was aware of; and

9

1.3    Diligence - Failing to timely forward documents in his possession to the Chapter 7 Trustee; and

5.5(a)  Unauthorized Practice of Law; and

8.4    Misconduct - Representing a client in bankruptcy while he was administratively suspended.

C.    *Client Abandonment, Lack of Diligence, In re: Wayne and Doreen Thomas.*

On or about January 4, 2002, attorney Graham undertook representation of Wayne and Doreen Thomas, who desired to seek protection from their creditors under the Bankruptcy Code. Attorney Graham allegedly advised the couple that their financial condition required them to file separately, at different times, and that two filings would require them to pay him $1,800; $900 for each filing. Over the course of the next 12 months, the couple paid attorney Graham the $1,800 and expected him to file the bankruptcies. Attorney Graham did not take any action however, until approximately April 23, 2005, when he finally filed a joint Chapter 13 Petition with the U.S. Bankruptcy Court. Notably, Mrs. Thomas reports that she waited 2 years for this to happen, and that she had to make repeated telephone calls to attorney Graham to finally get him to act.[1] Likewise, attorney Graham undertook this representation during the time he was administratively suspended from practice.

When attorney Graham commenced the bankruptcy proceeding on behalf of Mr. & Mrs. Thomas, he did not file a proposed Chapter 13 plan on their behalf. Accordingly, the Court dismissed their bankruptcy on April 18, 2005, with a 180-day bar, prohibiting them from refiling. This left the Thomases without the benefit of an automatic stay and at the mercy of their creditors. Attorney Graham then allegedly informed Mrs. Thomas not to worry and that he was going to file

---

[1] Mrs. Thomas reports that heart problems plaguing her husband distracted her from pursuing Mr. Graham to file during this two year period.

an appeal; however the record is devoid of any appeal or motion for reconsideration by Mr. Graham.

Mr. & Mrs. Thomas obtained successor counsel, and in January of 2006 attorney Graham agreed to refund $1,800 to them. To date, only $300 has been refunded. Mrs. Thomas, who is now reportedly ill with cancer, reports filing a disciplinary complaint against attorney Graham with State authorities. In response to her allegations, attorney Graham admitted that he did not file a Chapter 13 plan. He asserted that "[f]or reasons I cannot recall, those aforesaid documents were not timely filed and the Chapter 13 case was dismissed." *See*, Exhibit 6, Letter from attorney Graham to Disciplinary Counsel. State Disciplinary Counsel reports that he is prepared to appear and provide testimony regarding the outcome of Mrs. Thomas' complaint.

Attorney Graham's conduct in the handling of the Thomases bankruptcy fell below the minimally acceptable standards for competence and diligence. Accordingly, attorney Graham's conduct violated the following Rules of Professional Conduct:

1.1 Competence - Failing to file a Motion for Reconsideration of the Dismissal of the Thomas' Chapter 13; and

1.3 Diligence - Failing to file a Chapter 13 Plan; and

5.5(a) Unauthorized Practice of Law; and

8.4 Misconduct - Representing a client in bankruptcy while he was administratively suspended.

**D.    *Client Abandonment, Lack of Diligence, In re: Darlene and David Blais***

On or about July 1, 2005, during the time he was administratively suspended, attorney David Graham undertook representation of Darlene and David Blais, who sought his assistance in filing a Chapter 13. Attorney Graham filed the Chapter 13 on July 1, 2005. On September 20, 2005 he was successful in getting an amended Chapter 13 plan confirmed on behalf of Mr. and Mrs. Blais.

11

Subsequent to the confirmation of their chapter 13 plan, Mr. and Mrs. Blais incurred further financial difficulty after Mrs. Blais reportedly changed jobs and Mr. Blais became ill. Consequently, Mrs. Blais reportedly called attorney Graham and "asked for a suspension of the plan so we could pay the mortgages(s). [She] left several messages in which he did not reply." *See*, Exhibit 7, Letter from Darlene N. Blais, dated March 24, 2006.

On December 15, 2005, a Mortgagee on the Blais' home filed a Motion seeking Relief from the Automatic Stay and permission to foreclose. The Motion was served on attorney Graham and the Blaises. Mrs. Blais asserts what happened next:

> Once again I tried contacting the attorney and asked to meet with him. After finally meeting with Attorney Graham, he stated, 'It was too late and that nothing could be done', but asked me to bring in receipts from the western union payments I made to the Mortgage Company prior to the notice. Time went too fast and I had not heard from him. I had to take the place of administrator in this case in order to get help. Attorney Graham had not tried to contact the Law Firm of the Mortgage Company in order to stop the Relief From Stay nor a stipulation plan regarding this matter.
> Letter from Ms. Darlene Blais. Exhibit 7.

The Court docket confirms that attorney Graham did not file an Motion to suspend plan payments, nor did he file an objection to the Motion seeking relief from the stay, which was later granted on December 29, 2005. Mr. and Mrs. Blais subsequently obtained successor counsel who is currently representing their interests before the Court.

Attorney Graham was paid a total of $2,000 by Mr. and Mrs. Blais for his legal services. Given that this amount of his fee exceeded the value of his services, the U.S. trustee requested that he disgorge $1,000 of his fee and repay it to the Debtors.[2] Attorney Graham has thus far not refunded any money, nor has he responded to the U.S. Trustee.

---

[2] *See*, 11 U.S.C. § 329(b), authorizing disgorgement when compensation exceeds the value of the services provided.

12

Mr. Graham's conduct in the handling of this case fell below the minimally acceptable standards for competence and diligence. Accordingly, Mr. Graham's conduct violated the following Rules of Professional Conduct:

1.1 Competence and 1.3 Diligence - Failing to file an Objection to the Relief From Stay Motion, and or Failing to file a Motion to Suspend Chapter 13 payments; and

5.5(a) The Unauthorized Practice of Law; and

8.4 Misconduct - Representing a client in bankruptcy while he was administratively suspended.

## VIII.  PRAYER FOR RELIEF

The allegations contained herein[3] demonstrate that attorney David L. Graham has abandoned his ethical obligations to his clients as well as his obligations as an officer of this Court. His demonstrated conduct reveals a repeated and sustained failure to provide minimally competent representation to clients enduring financial hardship. Accordingly, he does and continues to represent a risk to the public. Therefore, the U.S. Trustee respectfully asks that this Court issue an interim emergency order suspending him from practice before the U.S. District Court and the U.S. Bankruptcy Court for the District of Rhode Island. The U.S. Trustee also requests that the Court issue an Order directing attorney Graham to show cause why he should not be referred for formal disciplinary proceedings.

---

[3] Whereas the inquiry into attorney Graham is continuing, the U.S. Trustee reserves the right to present further evidence of misconduct during the adjudication of this motion.

13

Respectfully Submitted,

PHOEBE MORSE
The United States Trustee

Date: March 28, 2006                    By: _____

                                             Leonard J. De Pasquale
                                             Assistant United States Trustee
                                             U.S. Department of Justice
                                             Office of the U.S. Trustee
                                             10 Dorrance Street, Suite 910
                                             Providence, RI 02903
                                             Tel:(401) 528-5551

14

**Exhibit 1**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ANTHONY DEFUSCO | ) | Case No. 03-12872 |
| | ) | Chapter 13 |
| Debtor      ) | ) | |

**CONSENT ORDER**
**RESOLUTION OF MOTION SEEKING ORDER TO SHOW CAUSE**

NOW COMES the United States Trustee ("U.S. Trustee") by and through her duly authorized Assistant, and the respondent, David Graham, Esq. ("Mr. Graham") (collectively "the Parties") who hereby jointly move this honorable Court to accept and approve this Consent Order in resolution of the Motion seeking an Order directing Mr. Graham to Show Cause why he should not be referred to the District Court for Disciplinary Action.

**ACKNOWLEDGMENTS**

1.      The U.S. Trustee has initiated an action requesting the Court issue an Order directing Mr. Graham to show cause why he should not be referred to the District Court for Disciplinary Action.

2.      This matter is a "core" proceeding by virtue of 28 U.S.C. § 157(b) insofar as the alleged conduct involves the administration of a pending bankruptcy proceeding.

3.      Said Motion was predicated, *inter alia* on the facts revealing that Mr. Graham failed to diligently and competently prosecute his client's Chapter 13 petition over a period of three (3) years, causing unnecessary delays in the administration of justice before this Court.

4.      An inquiry into the matter revealed both systemic and non-systemic issues involving Mr. Graham's bankruptcy practice which are in need of remedy to ensure that he fulfills his professional and ethical obligations to his clients and to this Court.

5.      Representatives of the U.S. Trustee have met with Mr. Graham and his counsel and discussed issues of concern, and the proposed corrective actions Mr. Graham is taking to resolve the issues that are hindering his ability to fulfill his professional and ethical obligations. The U.S. Trustee has

Page 1

neither opined nor put her imprimatur on any proposed
**Consent Order**
**In re: Defusco 03-12872**
**Page 2 of 3**

corrective action and leaves Mr. Graham to take those actions he deems neccessary to remedy the issues.

6.   In an effort to resolve the issues raised herein and in the Motion for an Order to Show Cause, the U.S. Trustee and Mr. Graham, through counsel, have discussed the facts of this case at length, as well as the risks, expense and time inherent to continue litigating the issues raised in the Motion. Accordingly, the parties have chosen to enter into this Consent Order and proffer it to the Court for acceptance, approval and entry as a final non-appealable order of the Court.

7.   The execution of this consent order should in no way be construed as an admission by Mr. Graham that he has violated or otherwise failed to adhere to his professional obligations. Specifically, Mr. Graham maintains that he did not willfully mislead the Court nor make knowingly false statements.

8.   In return for performance of the below covenants, the United States Trustee has agreed to withdraw his Motion with prejudice, and respectfully requests the Court accept, approve and enter this Consent Order as a final non-appealable order of the Court.

## TERMS

9.   Mr. Graham shall obtain eight (8) hours of continuing legal education in bankruptcy jurisprudence, and two (2) hours of education on legal ethics on or before January 21, 2005.

10.   Mr. Graham shall serve the United States Trustee with evidence that he has fulfilled this covenant. If Mr. Graham fails to perform this covenant, the United States Trustee will file notice with the Bankruptcy Court and Mr. Graham will be suspended from practicing before this Court until he complies with the covenant to obtain continuing legal education.

11.   Mr. Graham shall resolve any systemic issues in his law office that hinder his ability to fulfill his professional and ethical obligations as an attorney authorized to practice before this Court.

12.   Mr. Graham accepts the admonition of this Court for his conduct as attorney for the Debtor in this matter, and he apologizes to the Court.

WHEREFORE, the U.S. Trustee, by and through her duly authorized Assistant, and Mr. David Graham,

Esq., hereby respectfully request the Court accept, and approve this Consent Order and

**Consent Order**
**In re: Defusco 03-12872**
**Page 3 of 3**

Enter it as a permanent,  final and non appealable order.


**/s/ David Graham**                          Dated: 7-21-04
David Graham

ATTORNEYS FOR DAVID GRAHAM


**/s/ C. Leonard O'Brien**                     Dated: 7-21-04
C. Leonard O'Brien, Esq. (#1886)
John A. MacFadyen, Esq. (#1209)
MacFadyen, Gescheidt & O'Brien
The Hay Building
129 Dyer St., Unit 1B
Providence, RI 02903
(401) 751-5090


PHOEBE MORSE,
United States Trustee
By:


**/s/ Leonard J. De Pasquale**                 Dated: 7-21-04
Leonard J. De Pasquale
Assistant U.S. Trustee
United States Department of Justice
10 Dorrance Street, Suite 910
Providence, Rhode Island 02903
(401) 528-5551 Telephone
(401) 528-5163 Facsimile


**ACCEPTED & APPROVED, ENTER**

_____    Dated: <u>7/26/04</u>
Arthur N. Votolato
United States Bankruptcy Judge


Judgment#:1:03-bk-12872-71-50


Entered on Docket: 7/26/04


Page 4

Exhibit 

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Supreme Court
DISCIPLINARY BOARD
John E. Fogarty Judicial Annex
24 Weybosset Street - 2nd Floor
Providence, R.I. 02903          CERTIFIED - R/R/R – 7001 1940 0  06 0260 8240
(401) 222-3270
FAX (401) 222-1191                   September 17, 2004


David L. Graham
1804 Mineral Spring Avenue
North Providence, RI 02904

    Re:   *Attorney Registration*

Dear Attorney Graham:

    This is to advise you that as of the date of this letter, the Clerk of the Rhode Island Supreme Court has not received your Annual Registration Statement or registration fee for 2004-2005. Article IV, Rule 1 of the Rhode Island Supreme Court Rules requires you to file the annual registration statement and pay the registration fee on or before July 1 of every year. The Rule further provides:

    "The name of any person who has not filed the current annual registration statement shall be removed from the Master Roll of Attorneys thirty (30) days after the due date for such statement. Any person whose name is not on the Master Roll and who practices law or who holds himself or herself out in any manner to the public or to another person as being competent, qualified, authorized or entitled to practice law in this state is engaged in the unauthorized practice of law and may be subject to the disciplinary procedures of this Court.

    You are hereby advised that your failure to file the annual registration statement and pay the registration fee with late charges totaling **Three hundred Dollars ($300.00)** before **Monday, October 4, 2004**, will result in your name being removed from the Master Roll of Attorneys without further notice. Please mail your check to the *Supreme Court Clerk's Office, 250 Benefit Street, 7th Floor, Providence, RI 02903*.

    If you have any questions about the within notice, you may call Ms. Cacchiotti in the Office of the Clerk at (401) 222-3273.

                        Very truly yours,

                        David D. Curtin
                        Chief Disciplinary Counsel


DDC:lap

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

David L. Graham
1804 Mineral Spring Avenue
North Providence, RI 02904

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

SEP 2 0 2004

C. Signature

X _____   ☐ Agent
                     ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)

7001 1940 0006 0260 8240

PS Form 3811, July 1999        Domestic Return Receipt        102595-00-M-1789

Exhibit 3

| David Graham | | | |
|---|---|---|---|
| **Bankruptcy cases filed between October 14, 2004 and October 14, 2005** | | | |
| | | | |
| | | | |
| **Case** | **Date** | | **Attorney** |
| **Number** | **Filed** | **Case Name** | **Compensation** |
| 04-13355 | 10/19/2004 | Catherine Lynn Doane | 800.00 |
| 04-13469 | 11/1/2004 | Robert D. Harnois | 800.00 |
| 04-13470 | 11/1/2004 | Teresa A. Baldinelli | 800.00 |
| 04-13471 | 11/1/2004 | Elizabeth J. Robideau | 600.00 |
| 04-13472 | 11/1/2004 | Lynette M. Giblin | 300.00 |
| 04-13577 | 11/12/2004 | Paula Mary Harmon | 800.00 |
| 04-13590 | 11/15/2004 | John Bernard Kennedy | 1,500.00 |
| 04-13688 | 11/24/2004 | David J. Delprete | 800.00 |
| 04-13689 | 11/24/2004 | Kenneth R. Provoyeur | 800.00 |
| 04-13690 | 11/24/2004 | Walter E. Greenlund | 800.00 |
| 04-13795 | 12/3/2004 | Elizabeth A. Maciel and David A. Maciel | 2,000.00 |
| 04-13819 | 12/6/2004 | Leanne M. Rosso | 800.00 |
| 04-13907 | 12/15/2004 | John R. Gaffney and Diane L. Gaffney | 800.00 |
| 04-13927 | 12/16/2004 | Jeffrey A. Van | 800.00 |
| 04-13955 | 12/18/2004 | Patricia A. Roberts | 800.00 |
| 04-13977 | 12/22/2004 | Angela M. Simonelli | 800.00 |
| 04-14027 | 12/27/2004 | Angel M. Bonet Jr. and Iris J. Bonet | 2,000.00 |
| 04-14028 | 12/27/2004 | Colleen Zinni | unknown |
| 04-14041 | 12/29/2004 | Kris T. White | 800.00 |
| AP 05-1001 | 1/5/2005 | Discover Bank v. Leverone | unknown |
| AP 05-1030 | 5/10/2005 | Richardson v. DeAngelis | unknown |
| AP 05-1034 | 5/18/2005 | Richardson v. Rickett et al | unknown |
| 05-10033 | 1/4/2005 | Ana L. Gonzalez | 800.00 |
| 05-10059 | 1/9/2005 | Guy R. Deschenes | 800.00 |
| 0510065 | 1/10/2005 | Salvatore D Barbato and Dorothy V Barbato | 600.00 |
| 05-10102 | 1/12/2005 | Janice M. Pappas | 800.00 |
| 05-10135 | 1/14/2005 | Alice E McAloon | 500.00 |
| 05-10143 | 1/14/2005 | Joseph DiMaria | 600.00 |
| 05-10144 | 1/14/2005 | Patricia L. DeAngelis | 800.00 |
| 05-10154 | 1/17/2005 | Nicholas David Parrillo | 800.00 |
| 05-10197 | 1/20/2005 | Melissa J. Thurber | 800.00 |
| 05-10212 | 1/24/2005 | Kimberly A. Michael | 800.00 |
| 05-10215 | 1/24/2005 | Norman A. Desrosiers | 800.00 |
| 05-10241 | 1/26/2005 | David C. Newcombe and Veronica F. Newcombe | 400.00 |
| 05-10242 | 1/27/2005 | George H. Nichols | 2,000.00 |
| 05-10263 | 1/28/2005 | David A Rickett and Heather L Rickett | 800.00 |
| 05-10369 | 2/9/2005 | Amelia M Canto | 800.00 |
| 05-10480 | 2/17/2005 | Albert A. Bucci and Marilyn D. Bucci | 2,000.00 |
| 05-10481 | 2/17/2005 | Rebecca Anne Wheeler | 2,000.00 |
| 05-10509 | 2/20/2005 | Philip J Golia | 400.00 |
| 05-10563 | 2/24/2005 | Kelly L D&#039;Angelo | 800.00 |
| 05-10582 | 2/25/2005 | Patricia I. Staruk | 800.00 |
| 05-10585 | 2/25/2005 | Michelle L. Lemire | 800.00 |
| 05-10610 | 3/1/2005 | Kerri A. Afonso | 2,000.00 |

| Case Number | Date Filed | Case Name | Attorney Compensation |
|---|---|---|---|
| 05-10631 | 3/2/2005 | Gerald C Sardinha | 800.00 |
| 05-10641 | 3/3/2005 | David J Perry and Yolanda M Harris | 800.00 |
| 05-10659 | 3/4/2005 | Lucy Ann Garlick | 800.00 |
| 05-10749 | 3/13/2005 | Nurys A Rodriguez | 600.00 |
| 05-10762 | 3/14/2005 | Eugene R. Zimmerman | 800.00 |
| 05-10785 | 3/15/2005 | Phanida Khamsomphou | 800.00 |
| 05-10800 | 3/16/2005 | Richard D Turcotte and Kimberly E Turcotte | 800.00 |
| 05-10804 | 3/17/2005 | Michael R Borden and Nancy E Borden | 800.00 |
| 05-10857 | 3/21/2005 | Juana Lang | 800.00 |
| 05-10891 | 3/22/2005 | George F Boudreau and Carlene N Boudreau | 2,000.00 |
| 05-10892 | 3/22/2005 | April A Pimental | 600.00 |
| 05-10910 | 3/23/2005 | Wayne A Thomas and Doreen A Thomas | 2,000.00 |
| 05-10912 | 3/23/2005 | Sharyon E Morris | 800.00 |
| 05-11030 | 3/30/2005 | Angelo A Rossi | 800.00 |
| 05-11073 | 4/1/2005 | Wendy M Gilbert | 800.00 |
| 05-11076 | 4/1/2005 | Linus Hughes | 800.00 |
| 05-11082 | 4/1/2005 | Jo-Ann M. Hague | 800.00 |
| 05-11109 | 4/4/2005 | Clifford W. Johnson | 800.00 |
| 05-11122 | 4/5/2005 | Michael S. Pelfrey | 800.00 |
| 05-11168 | 4/7/2005 | Keith L. Forcier | 800.00 |
| 05-11169 | 4/7/2005 | KNA Trucking Company Inc. | 1,000.00 |
| 05-11231 | 4/12/2005 | Deborah A. Ferland | 2,000.00 |
| 05-11346 | 4/18/2005 | Normand H. Laprise | 2,000.00 |
| 05-11368 | 4/19/2005 | Betty Ann Duarte | 800.00 |
| 05-11369 | 4/19/2005 | Patrick K Maurice | 800.00 |
| 05-11372 | 4/19/2005 | Albert A. Means and Cheryl Means | 2,000.00 |
| 05-11376 | 4/19/2005 | Marcelina J Silva | 800.00 |
| 05-11378 | 4/19/2005 | William H. Veyera | 800.00 |
| 05-11379 | 4/19/2005 | Antonio J. Costa and Bonnie C. Costa | 800.00 |
| 05-11396 | 4/20/2005 | Michelle Benevides | 2,000.00 |
| 05-11430 | 4/21/2005 | Lorraine L. Hopkins | 2,000.00 |
| 05-11441 | 4/22/2005 | Maria L. Molina | 800.00 |
| 05-11628 | 5/3/2005 | Russell E. Hitzemann and Rosaria E. Hitzemann | 800.00 |
| 05-11635 | 5/4/2005 | Charles E. Newton | 800.00 |
| 05-11654 | 5/5/2005 | Daniel G Asselin and Lori A Asselin | 800.00 |
| 05-11791 | 5/13/2005 | Cynthia M. Szumila | 600.00 |
| 05-11836 | 5/17/2005 | Lucille Marie Lemme | 600.00 |
| 05-11842 | 5/17/2005 | Jennifer D. Benck | 2,000.00 |
| 05-11848 | 5/17/2005 | Lynda L. Cooke | 2,000.00 |
| 05-11932 | 5/23/2005 | Paul W. O&#039;Toole and Nancy J. O&#039;Toole | unknown |
| 05-11957 | 5/24/2005 | Theodore M. Castillo | 800.00 |
| 05-11976 | 5/25/2005 | Paula J McDonald | 800.00 |
| 05-12104 | 6/6/2005 | Armand Lataille and Nancy P. Lataille | 2,000.00 |
| 05-12255 | 6/16/2005 | Brenda A. Magill | 2,000.00 |
| 05-12296 | 6/20/2005 | Edward E. Gray | 800.00 |
| 05-12339 | 6/23/2005 | Tracy A Pate | 800.00 |
| 05-12403 | 6/27/2005 | Kenneth M Middleton | 800.00 |
| 05-12452 | 6/30/2005 | Ronald J. Casey | 2,000.00 |

| Case Number | Date Filed | Case Name | Attorney Compensation |
|---|---|---|---|
| 05-12461 | 7/1/2005 | David P. Blais and Darleen N. Blais | 2,000.00 |
| 05-12505 | 7/6/2005 | Janice M. Albuquerque | 800.00 |
| 05-12577 | 7/12/2005 | Mark A. Perfetto | 800.00 |
| 05-12578 | 7/12/2005 | Steven M. Villani | unknown |
| 05-12579 | 7/12/2005 | Maximina Martinez | 600.00 |
| 05-12585 | 7/13/2005 | Kendralea Marshalsea | 800.00 |
| 05-12602 | 7/14/2005 | Edward W. Laferriere | 800.00 |
| 05-12604 | 7/14/2005 | Kevin W. O&#039;Neil and Bonne R O&#039;Neil | 800.00 |
| 05-12607 | 7/14/2005 | Charles R. Jodoin and Patricia A. Jodoin | 2,000.00 |
| 05-12811 | 8/1/2005 | Jennifer M. Plaziak | unknown |
| 05-12819 | 8/2/2005 | Roger Louis Provencher | 2,000.00 |
| 05-12830 | 8/3/2005 | George H. Briggs | 2,000.00 |
| 05-12880 | 8/4/2005 | George A. Mitchell | 800.00 |
| 05-12935 | 8/10/2005 | Joao C. Silva | 800.00 |
| 05-13061 | 8/19/2005 | Stephanie T Taylor | 800.00 |
| 05-13079 | 8/19/2005 | Joanne L. Green | 800.00 |
| 05-13109 | 8/23/2005 | Tricia L. Girard | 2,000.00 |
| 05-13245 | 9/1/2005 | Robert J. Ganusko and Lisa A. Ganusko | 2,000.00 |
| 05-13392 | 9/12/2005 | Richard R. Gemma | 800.00 |
| 05-13904 | 10/3/2005 | Donald J. Ball | 2,000.00 |
| 05-14298 | 10/11/2005 | Joseph F. Dane | 800.00 |
| | | **Total** | **$112,500.00** |

**Exhibit 4**

Sup eme Court

In the Matter of David L. Graham:                    No.  005-261 M.P.

## ORDER

On October 18, 2004, the Petitioner, David L. Graham, was rem ved from the Master Roll of Attorneys for failure to file his annual registration form a id to pay his annual registration fee as required by Article IV, Rule 1, of the Suprem Court Rules.  On September 23, 2005, he filed a Petition for Reinstatement, with a suppo ing affidavit, as required by Article IV, Rule 1(e).  On September 26, 2005, Disciplinar  Counsel filed  a Report and Recommendation regarding the petition with this Court.

This matter was considered by this Court at its conference on O  ober 13, 2005.

A review of the relevant information reveals that the Petitioner I id received actual notice, via certified mail, that his failure to comply with the requi ements of Article IV, Rule 1 would result in his removal from the Master Roll of  ttorneys, and that he continued to represent clients despite such removal. We find th  the Petitioner's conduct is unacceptable, and we hereby admonish him for engaging in   ich conduct. Any attorney removed from the Master Roll is not authorized to practic  law in this State unless and until reinstated by Order of this Court.

However, after consideration of all of the information, we deem that the Petition should be granted, subject to the condition that Petitioner's practice of l w in this State must be monitored by Disciplinary Counsel for a period of one year. D ring that period

the Petitioner shall provide Counsel with written reports on a monthly basis regarding the status of his client matters, and shall also meet with counsel once each month to review those reports. This period of monitoring will automatically cease unless extended by further Order of the Court.

Accordingly, the Petitioner, David L. Graham, is hereby reinstated to the Master Roll of Attorneys subject to the conditions of monitoring set forth above

Entered as an Order of this Court this 14th Day of October, 2005.

By Order,

Clerk

Exhibit 5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In Re:

      PATRICIA L. DeANGELIS                               BK. 05-10144
      Debtor                                              CHAPTER 7

ANDREW S. RICHARDSON, TRUSTEE OF
PATRICIA L. DeANGELIS
Plaintiff

                      VS.                                   A.P. 05-

PATRICIA L. DeANGELIS
Defendant

## COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR

    1.    Defendant, Patricia L. DeAngelis, filed a Chapter 7 bankruptcy petition with this Court on January 14, 2005.

    2.    Plaintiff, Andrew S. Richardson is the duly appointed trustee in this matter.

    3.    At the §341 meeting, the debtor testified that monies had been borrowed from her mother and payments made to her mother within one year of filing the bankruptcy, although no such payments are disclosed on the debtor's statement of financial affairs.

    4.    Since the §341 meeting, the trustee has requested that the debtor, through counsel, provide the trustee with information relating to the monies lent to the debtor and monies paid to her mother.

    5.    Despite the request of the trustee at the §341 meeting which was followed up with two letters and a motion to extend the deadline to object to discharge, the debtor has failed to provide any further information to the trustee regarding the financial transactions with her mother.

    6.    The debtors has failed to keep or preserve recorded information regarding the

RE:   PATRICIA L. DeANGELIS, Debtor        CH. 7 BK. 05-10144
     RICHARDSON, TRUSTEE v. DeANGELIS         A.P. 05-

financial transactions with her mother.

    7.    The debtor has concealed information from the trustee regarding the financial transactions with her mother.

    8.    The debtor has knowingly and fraudulently withheld from the trustee information regarding the financial transactions with her mother.

    9.    The debtor knowingly and fraudulently failed to disclose information regarding financial transactions with her mother on her schedules.

    WHEREFORE, the trustee prays that this Court deny the debtor a discharge under the provisions of 11 U.S.C. §§727(a)(2), (3), and (4).

                  /s/  Andrew S. Richardson, Plaintiff/Trustee
                  Boyajian, Harrington & Richardson
                  182 Waterman Street
                  Providence, RI 02906
                  Tel. (401) 273-9600
                  Fax. (401) 273-9605

(JLA\BK\DeANGELIS\AP Complaint Obj to Discharge)

2

Exhibit C

# Graham Law Offices

**David L. Graham**
**1804 Mineral Spring Avenue**
**North Providence, RI 02904**
**Tel: 401-861-4056**
**Fax: 401-353-8842**

October 21, 2005

Supreme Court Disciplinary Board
John E. Fogarty Judicial Annex
24 Weybosset Street – 2nd Floor
Providence, RI 02903
Attention: David D. Curtin
        Chief Disciplinary Counsel

RE: Thomas vs. Graham
File No. 2005 – 115

Dear Mr. Curtin:

I am in receipt of the recent complaint filed in the above referenced matter. This letter is my response to said complaint.

Mr. and Mrs. Thomas came to my office for their initial consultation on December 31, 2001. After obtaining some basic facts of their case, I felt that it was in their best interests to file separate Chapter 7 petitions for relief, as opposed to a joint Chapter 7 filing, due to the amount of their combined monthly income. At that time, I had been successful in using this procedure relative to married couples with certain disposable income situations. The Thomas' knew that our office procedure required that all sums due our office had to be paid in full prior to the filing of any bankruptcy petitions. It took my clients over 1 year to finish paying the sums due for their attorney's fees and filing fees. In that time, the Office of the US Trustee and the Chapter 7 trustees changed their policy relative to the procedure of filing separate Chapter 7 petitions, and began to require that total household income be considered whether or not the filing was a joint filing. As a result, I informed my clients that we would have to file a Chapter 13 petition instead, and they agreed.

Mr. and Mrs. Thomas come into my office and signed their Chapter 13 petition. It was filed on March 23, 2005. The only documents which were not filed with the initial petition was the Chapter 13 Plan and local Form V, and those

Thomas response p. 2.

forms were due on April 15, 2005. For reasons I cannot recall, those aforesaid documents were not timely filed and the Chapter 13 case was dismissed.

Mrs. Thomas did contact my office several times after receiving the dismissal notice. However, I disagree with her allegations that I never spoke with her. I have spoken with her several times and informed her that we had a 180 day bar to refile and that this bar would be lifted on October 15, 2005. We still had time to file a new Chapter 13 prior to the new bankruptcy act becoming effective. I even saw Mrs. Thomas in a local Stop & Shop and tried to reassure her that we would be able to refile and would not be barred. In the interim, Mr. and Mrs. Thomas went to new counsel and sought to reopen the Chapter 13 case and to vacate the dismissal.

As you are aware, certain events have taken place over the last couple years which I do not wish to list in this response. Clearly these events have had an effect on me. I would be happy to refund a portion of the monies paid by Mr. and Mrs. Thomas in an attempt to resolve this complaint.

I shall await hearing from you.

Very truly yours,

DAVID L. GRAHAM

Sent via fax to [401] 222-1191 and
Regular mail

We the former client(s) Darleen N. Blais/David P. Blais, 26 Rosella Avenue, Pawutcket, RI, 02861, hired The Law Offices of David Graham, 1804 Mineral Spring Avenue, North Providence, RI, 02904, for representation in regards to filing Chapter 13. We wish to share with the court our concerns of misrepresentation.

On July 1, 2005 we completed a voluntary petition with our attorney. Shortly thereafter we received, via mail, a letter for the case to be dismissed for **FAILURE TO COMPLY WITH ADMINISTRATOR ORDER REGARDING ELECTRONIC FILING** that had a deadline of fifteen days. After consulting with my lawyer, the hearing was set for the July 22, 2005 original date intended. Let it be noted that we, the former clients listed above, paid the trustee with a Personal Money Order in the amount of $690.00 No. 0016660 at the hearing.

During the course of this plan, being denied after the initial hearing, I received calls from creditors, and had to take over as an administrator advisor in order to get my utilities turned back on, Mortgage Company from foreclosure, etc. providing them with all pertinent information regarding the plan and case number.

The plan was confirmed after minor adjustments. We continued to make our plan payments on a monthly basis until they were garnished from my spouse, David P. Blais, paycheck.

After four months into the confirmed plan my job changed, I lost time from work in which they don't pay us (school vacation they close), and my husband took ill and took days out of work, per doctor orders. With the stress of finances I called the attorney and asked for a suspension of the plan so we could pay the mortgage(s). I left several messages in which he did not reply.

Meanwhile, via mail, I received notices for **RELIEF FROM STAY** from the Mortgage Company. Once again I tried contacting the attorney and asked to meet with him. After finally meeting with Attorney Graham, he stated, "It was too late and that nothing could be done", but asked me to bring in receipts from the western union payments I made to the Mortgage Company prior to the notice. Time went too fast and I had not heard from him. I had to take the place of administrator in this case in order to get help. Attorney Graham had not tried to contact the Law Firm of the Mortgage Company in order to stop the **Relief From Stay** nor a stipulation plan regarding this matter.

After careful consideration, we the clients, listed above, knew we immediately needed to seek new counsel in order to keep our home, and get the help/services that we expected with our first attorney listed above, but felt cheated.

Thank you for letting us voice our concerns and hope you take this matter seriously in order to prevent other clients from getting the help/services they intended when hiring an attorney to represent them.

Truly Yours,
Darleen N. Blais
CC: Lisa Geremia
Esquire