RECEIVED
APR 06 2006
Property of U.S. District Court
District of Rhode Island

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**In re: DAVID GRAHAM**
**Respondent**

**M.P. 06-024**

**CONSENT ORDER**
**RESOLUTION OF MOTION SEEKING INTERIM SUSPENSION AND AN ORDER TO SHOW CAUSE**

NOW COMES the United States Trustee ("U.S. Trustee") by and through her duly authorized Assistant, and the respondent, David Graham, Esq. ("Mr. Graham") individually and by and through his attorney, (collectively the "Parties") who hereby move this honorable Court to accept and approve this Consent Order in resolution of issues raised by the U.S. Trustee regarding Mr. Graham's practice before this Court.

**JURISDICTION**

1. The parties hereby agree that the Court has jurisdiction over this matter under the provisions of 28 U.S.C. §§ 157, 1134 and by virtue of the conferred disciplinary jurisdiction enumerated in U.S. District Court Local Rule 209. Venue is proper under the provisions of 28 U.S.C. §§ 1408 & 1409.

**CONTEMPLATED ACTION**

2. The U.S. Trustee has commenced an action seeking an interim suspension of attorney Graham and an Order directing he show cause why formal disciplinary procedures should not be initiated against him. In an effort to resolve the issues raised therein, the Parties have agreed upon terms and memorialized them herein, which they herein proffer to the Court for approval and entry as a permanent order.

## ATTESTATIONS

3. In accordance with Local District Court Rule 212(a) attorney David L. Graham attests to the following:

   a. That his consent to discipline provided for below, is freely and voluntarily given and that he has not been subjected to coercion or duress; and

   b. That he is fully aware of the implications of executing this consent order; and

   c. That he has consented to the terms contained herein because he can not successfully defend himself against these allegations.

## TERMS

4. Mr. Graham shall cease all practice in or before the United States Bankruptcy Court for the District of Rhode Island for a period of 13 (THIRTEEN) months, commencing May 30, 2006 (the "Effective Date"). Said cessation of practice shall include any attendance at court hearings, meetings of creditors, and the filing of any and all petitions, pleadings and motions before the U.S. District Court for the District of Rhode Island and its component court, the U.S. Bankruptcy Court for the District of Rhode Island. Said cessation shall also include the counseling or representation of any client in any bankruptcy matter in Rhode Island.

5. During the time between the entry of this order and the Effective Date, Mr. Graham shall make an inventory of all open or pending bankruptcy files. He shall immediately consult with his counsel, Mr. William Delaney, regarding the appropriate legal action, if any, that is needed in each case.

6. Prior to the effective date, Mr. Graham shall file a report with the Court, with service to the U.S. Trustee, detailing the status of all open or pending cases, and including a representation regarding who successor counsel is, and what fees, if any were unearned and returned to the respective clients.

7. Mr. Graham further covenants to obtain 8 hours of continuing legal education in the subject of consumer bankruptcy law prior to recommencing the practice of law before the U.S. District Court for the District of Rhode Island and/or the U.S. Bankruptcy Court for the District of Rhode Island. Mr. Graham also covenants to supply the U.S. Trustee with evidence that he completed said education prior to filing a petition to re-commencing practice with the U.S. District Court.

8. On or after May 15, 2007, Mr. Graham may file a petition for re-admission as an attorney

authorized to practice before the U.S. District Court for the District of Rhode Island.

9. Mr. Graham herein waives any and all right to appeal the entry of this order.

10. In return for fulfillment of each and every covenant enumerated above, the U.S. Trustee agrees to forebear from prosecuting an action seeking Mr. Graham's suspension and/or disbarment from practice before the U.S. District Court.

11. The Parties further agree that should the Court reject this Consent Order for any reason, the parties shall be free to proceed litigating the merits of the case as they see fit.

12. The Parties acknowledge and agree that this stipulation **contains the entire agreement** between the Parties. The Parties further acknowledge and agree that the United States Trustee has not made, and/or given any other representations, promises, inducements, or rewards, and/or given or promised to give any other consideration of any kind whatsoever to Mr. David Graham, or anyone on his behalf.

WHEREFORE, the U.S. Trustee, by and through her duly authorized assistant, and Mr. Graham hereby respectfully request the Court accept and approve this Consent Order and enter it as a permanent Order of this Court.

DAVID L. GRAHAM

[signature] Dated: 4/4/06

David L. Graham
1804 Mineral Spring Avenue
North Providence, RI 02904
(401) 846-4056
dgraham554@aol.com

For Mr. Graham

[signature] Dated: 4/4/06

William J. Delaney, Esquire
Tillinghast Licht, LLP
Ten Weybosset Street
Providence, RI 02903
(401) 456-1200 Voice
(401) 456-1210 Facsimile

PHOEBE MORSE

The United States Trustee - Region 1

Leonard J. De Pasquale
Assistant U.S. Trustee
U.S. Department of Justice
10 Dorrance Street, Suite 910
Providence, RI 02903
(401) 528-5551 Voice
(401) 528-5163 Facsimile

Dated: Apr 4, 2006

**ACCEPTED & APPROVED, ENTER**

Ernest C Torres

Dated: 4/6/06

Order prepared by:
Leonard J. De Pasquale
Assistant U.S. Trustee