UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

In re DAVID L. GRAHAM : M.C. No. 06-24ML

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court on the Motion of Attorney David L. Graham for readmission as an attorney authorized to practice before this Court and the U.S. Bankruptcy Court for this District. The Motion for Readmission was referred to me by Chief Judge Mary M. Lisi for review, report and recommendation. In connection with my review, a hearing was held on September 7, 2007. Attorney Graham and his counsel, William Delaney, Esquire, appeared and addressed the Court in support of the Motion for Readmission. Also present and heard at the hearing was Trial Attorney Sandra Nicholls on behalf of the Rhode Island Office of the United States Trustee. Finally, in connection with my review, I spoke with David D. Curtin, Esquire, Rhode Island's Chief Disciplinary Counsel; Leonard J. DePasquale, Assistant United States Trustee; and Trial Attorney Gary L. Donahue of the Boston Office of the United States Trustee. For the reasons set forth below, I recommend that the District Court GRANT Attorney Graham's Motion for Readmission subject to a six-month period of monitoring and a one-year status review of his practice before this District's Bankruptcy Court.

**Background**

On July 26, 2004, Judge Votolato signed off on a consent order whereby Attorney Graham accepted an admonition from the Bankruptcy Court for failing to meet his professional and ethical

obligations. Attorney Graham agreed to obtain ten hours of continuing legal education ("CLE") and to resolve any systemic issues in his law office which hindered his ability to practice in a professional and ethical manner. By letter dated September 17, 2004, the Disciplinary Counsel advised Attorney Graham that the Clerk of the Rhode Island Supreme Court had not received his 2004-2005 registration statement and fee. Attorney Graham was warned that failure to file the registration statement and fee would result in his name being removed from the Master Roll of Attorneys, without further notice.

Attorney Graham did not register or pay the fee and was administratively suspended by the Supreme Court on October 18, 2004. Despite this suspension, Attorney Graham continued to actively practice before the Bankruptcy Court. This constituted the unauthorized practice of law. Ultimately, the Supreme Court reinstated Attorney Graham to the Master Roll of Attorneys on October 14, 2005, subject to monitoring by the Disciplinary Counsel for a one-year period.

On March 28, 2006, the United States Trustee initiated this miscellaneous action seeking an interim suspension of Attorney Graham and an order to show cause why formal disciplinary proceedings should not be initiated. The Trustee alleged that Attorney Graham represented clients before the Bankruptcy Court during a period (October 18, 2004 to October 14, 2005) when he was not authorized to practice law in Rhode Island. The Trustee also alleged malpractice in the handling of certain consumer bankruptcy matters. Chief Judge Ernest Torres issued an Order to Show Cause on April 3, 2006 and, on April 6, 2006 entered a Consent Order which, inter alia, suspended Attorney Graham from practicing before the Bankruptcy Court for thirteen months (from May 30, 2006 through June 30, 2007).

On May 31, 2006, the Rhode Island Supreme Court found Attorney Graham to be in "willful contempt" of its October 14, 2005 Reinstatement Order. In particular, Attorney Graham did not submit reports to the Disciplinary Counsel or meet with the Disciplinary Counsel as required. On September 7, 2006, the Supreme Court entered an Order publicly censuring Attorney Graham and imposing other pro bono and CLE obligations. According to the Disciplinary Counsel, Attorney Graham is presently an attorney in good standing and practicing under the supervision of Attorney Delaney. He also indicated that there are no disciplinary complaints or investigations pending in his office as to Attorney Graham.

Assistant Trustee DePasquale advised that his office has no objection to Attorney Graham's readmission subject to the monitoring and status hearing conditions proposed in the Motion for Readmission. Mr. DePasquale also indicated to me that he spoke with the Worcester Office of the United States Trustee, and it reported no problems with Attorney Graham's bankruptcy practice.[1] Similarly, Trial Attorney Donahue of the Boston Office of the United States Trustee reported no problems with Attorney Graham's bankruptcy practice and indicated that he was making "good efforts."

**Discussion**

The Consent Order entered by this Court on April 6, 2006 allowed Attorney Graham to petition for readmission after May 15, 2007. Attorney Graham submitted an affidavit affirming that he has met the CLE requirements of this Court's Consent Order. Attorney Graham actually exceeded the CLE requirement by nearly six hours. The Rhode Island Office of the United States

[1] During his period of suspension in this District, Attorney Graham has maintained a Massachusetts bankruptcy practice.

Trustee has no objection to readmission, and my review has uncovered no pending problems or complaints in the Massachusetts Bankruptcy Court. At the hearing, Attorney Graham represented that he is not the subject of any pending legal malpractice actions. He also represented that he is not the subject of any pending disciplinary complaints or investigations, with one exception. There is a pending reciprocal disciplinary matter in Massachusetts. This matter is based solely on the prior discipline taken against Attorney Graham in Rhode Island and this District and is not based on any new misconduct.[2] According to Attorney Delaney, this reciprocal matter was recently brought before the Massachusetts Supreme Judicial Court ("SJC") by the Massachusetts Board of Bar Overseers. A hearing was held before SJC Justice Francis X. Spina and the matter is pending. Attorney Delaney indicated that a retroactive, one-year suspension back to October 2006 was under consideration and that Attorney Graham would be required to take the Multistate Professional Responsibility Examination ("MPRE").

Although the problems that resulted in Attorney Graham's suspension were serious, he has suffered a substantial consequence for that behavior. Attorney Graham has been unable to practice before this District's Bankruptcy Court for nearly seventeen months. He is a solo practitioner who practices out of an office in North Providence and focuses on consumer bankruptcy representation. Thus, a suspension of this length plainly had a significant impact on Attorney Graham, both financially and reputationally. Attorney Graham's practice has been under the supervision of Attorney Delaney, an experienced bankruptcy practitioner, and will continue to be under his supervision under the proposal for readmission.

[2] This was confirmed by the Disciplinary Counsel.

At the hearing, I advised Attorney Graham that this Court was very concerned about his past behavior due to the vulnerable nature of most consumer debtors seeking bankruptcy protection. Attorney Graham apologized to the Court, and I see no basis from my review to deny a second chance to Attorney Graham. The requirement that Attorney Graham practice under supervision for six months and undergo a one-year review before the Bankruptcy Court should ensure the protection of debtors. In addition, this period should reveal whether Attorney Graham has changed his stripes and is willing and able to fully meet his professional obligations to the Court and his clients. Finally, if the United States Trustee observes continued problems with Attorney Graham's practice which pose a risk to the public, she would have the ability to again petition the District Court for an interim suspension and initiation of disciplinary proceedings.

**Conclusion**

For the foregoing reasons, I recommend that the District Court GRANT Attorney Graham's Motion for Readmission with the monitoring and review conditions proposed in his Motion. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 10, 2007